UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAJPAUL JAGAT, | : | |
| Petitioner | : | CIVIL ACTION NO. |
| v. | : | 3:08-cv-1106 (JCH) |
| | : | |
| UNITED STATES OF AMERICA, | : | OCTOBER 8, 2008 |
| Respondent. | : | |

**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS**

**I.     INTRODUCTION**

The petitioner, Rajpaul Jagat ("Jagat"), a prisoner at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, has filed this petition for writ of habeas corpus pro se [Doc. No. 1].  It is unclear exactly what Jagat is claiming in the petition, but it appears that Jagat's petition should be construed as a writ challenging his detention pursuant to 28 U.S.C. § 2241.  The respondent argues that Jagat's petition is procedurally defective because, inter alia, it names the United States as respondent rather than Jagat's immediate custodian, and because it should have been filed in the district in which Jagat is confined.

For the reasons indicated below, the court finds the petition procedurally defective and orders the case transferred to the District of Rhode Island for further proceedings.

**II.    BACKGROUND**

Jagat is a native and citizen of Guyana.  Respondent's Opposition to the Habeas Petition ("Respondent's Opp.") at 3.  He emigrated to the United States with his wife and five children on May 16, 1985, eventually settling in Georgia.  Id.

1

In July 1994, Jagat pleaded guilty to owning, operating, or conducting a chop shop in violation of Georgia Statute 16-8-83. He was sentenced to five years probation and fined $1,000.[1] See Exhibit B to Respondent's Opp. In September 1997, Jagat pleaded guilty to aggravated stalking in violation of Georgia Statute 16-5-91, and was sentenced to ten years imprisonment with two years to serve.[2] See Exhibit C to Respondent's Opp.

Sometime after 1997, Jagat moved to Waterbury, Connecticut. Respondent's Opp. at 4. On June 6, 2006, Jagat was charged with unlawful restraint and fourth degree sexual assault in violation of Connecticut General Statute 53a-73a(a)(2). Id. At trial, Jagat was acquitted of unlawful restraint, and found guilty of fourth degree sexual assault. Id. He was sentenced to one year imprisonment, suspended after three months, and three years probation. Id. According to Jagat, he served approximately one month. Id.

In January 2008, the Connecticut Department of Adult Probation contacted Immigration and Customs Enforcement ("ICE"), a component agency of the United States Department of Homeland Security, regarding Jagat's conviction record. Id. at 4-5. On January 31, 2008, ICE arrested Jagat and served him with a Notice to Appear. Id. at 5. The Notice contained two charges: 1) Jagat is removable pursuant to Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two crimes involving moral turpitude; and

---

[1] Jagat denies pleading guilty to this charge. Respondent's Opp. at n.3.

[2] It appears from the record that the victim of the aggravated stalking was Sueranie Jagat. See Exhibit F to Respondent's Opp. at 3. It is unclear whether Sueranie Jagat was petitioner's wife or ex-wife at the time.

2

2) Jagat is removable pursuant to Section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i) for having been convicted of the crime of stalking.  Id.

On March 19, 2008, the Immigration Judge ("IJ") issued a decision on Jagat's request for bond, finding that because Jagat had been convicted of two crimes involving moral turpitude, namely, the 1994 and 1997 Georgia convictions, he was subject to mandatory detention pursuant to Section 236(c)(1) of the INA, 8 U.S.C. § 1226(c)(1).

Jagat appealed this bond determination to the Board of Immigration Appeals ("BIA"), arguing that, because he was not taken into custody when released from prison by the State of Connecticut, he was not subject to mandatory detention.  Id.  The BIA rejected this argument and affirmed Jagat's mandatory detention.  Id. at 6.

Jagat also applied for cancellation of removal under INA Section 240A(a), 8 U.S.C. § 1229b(a).  On June 4, 2008, the IJ found Jagat ineligible for cancellation of removal because Jagat had been convicted of an aggravated felony (aggravated stalking).  The IJ also determined that, due to various factors discussed at length in the IJ decision, Jagat was not eligible for a favorable exercise of discretion.  Id. at 7.  Consequently, the IJ ordered Jagat removed to Guyana.  See Exhibit J to Repondent's Opp.  On June 23, 2008 Jagat appealed this decision to the BIA.  Respondent's Opp. at 7.  The appeal is still pending.  Id.

On July 25, 2008, Jagat filed a handwritten, one-page habeas corpus Petition with the court.  It is difficult to discern Jagat's argument from the Petition, but his request for relief appears to be based on the same argument as his BIA bond appeal, namely that he is not subject to mandatory detention because he was not taken into custody by ICE immediately upon his release by the State of Connecticut.

## III. DISCUSSION

### A. Proper Respondent

The government argues that this court lacks jurisdiction because the federal habeas statute indicates that, "[t]he writ . . . shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Specifically, the government argues that Jagat should have named as respondent Warden Wayne T. Salisbury, Jr. ("Warden Salisbury") of the Donald W. Wyatt Detention Center, not the United States of America. See Respondent's Opp. at 7-20.

The Supreme Court has instructed that, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). In Padilla, however, the Supreme Court explicitly declined to address whether this rule extends to a habeas petition filed by an alien detained pending removal. Id. at n.8 (noting that, "In Ahrens v. Clark, 335 U.S. 188 (1948), we left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation. The lower courts have divided on this question, with the majority applying the immediate custodian rule and holding that the Attorney General is not a proper respondent. The Second Circuit discussed the question at some length, but ultimately reserved judgment in Henderson v. INS, 157 F.3d 106 (1998). Because the issue is not before us today, we again decline to resolve it") (internal citations omitted). In the years since Padilla, neither the Supreme Court nor the Second Circuit have settled the issue.

Courts in this district, as well as courts in the other districts in this circuit, have

4

different opinions on whether the Attorney General is a proper respondent for a habeas petition filed by an alien detained pending removal.[3] The courts seem to agree, however, that the petitioner's warden, i.e., the official who has immediate custody of the petitioner with the power to produce the body before a court, is always an appropriate respondent. In other words, the unresolved issue is whether the attorney general or another similarly-situated cabinet-level official is an alternative proper respondent, not the only proper respondent.

The court need not resolve that issue in the present case. Unlike the petitions causing other courts to address the issue, Jagat's petition does not specifically name the attorney general, a cabinet-level official, or even a federal department or agency as respondent. Currently, the respondent on the docket is simply designated as the "United States of America." Clearly the United States is not a proper respondent to a habeas petition. Consequently, this court may exercise its discretion and, in the interests of justice, designate a substitute respondent. Further, because there is no dispute among courts as to the propriety of naming as respondent a habeas petitioner's immediate custodian, this court need not reach the question of whether an appropriate alternative respondent exists. Thus, the court orders that Warden Salisbury be substituted as the respondent in this case.

B. Proper Venue

Given that Warden Salisbury of the Wyatt facility will be named as the

---

[3] See Patterson v. INS, 2004 WL 1114575 at n.4 (D. Conn.) (collecting District of Connecticut opinions that take both positions); Walters v. Ashcroft, 291 F.Supp. 2d 237, 242-43 (S.D.N.Y. 2003) (collecting New York District Court opinions that take both positions).

respondent, the court must next address whether the District of Connecticut has jurisdiction over the case. In Padilla, the Supreme Court noted that, "the plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Padilla, 542 U.S. at 443. The Court further explained that its ruling in Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494 (1973), which some had interpreted as endorsing the use of state long-arm statutes to gain jurisdiction in habeas cases, "in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." Padilla, 542 U.S. at 444. As a result, because Jagat is confined within the District of Rhode Island, he must proceed with his case in that district, and not in Connecticut.

## IV. CONCLUSION

For the foregoing reasons, the court **ORDERS** the clerk to substitute Warden Wayne T. Salisbury, Jr. of the Donald W. Wyatt Detention Facility as the respondent in this matter. Further, pursuant to 28 U.S.C. § 1406(a) and in the interests of justice, the court **ORDERS** this action transferred to the District of Rhode Island for all further proceedings.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 8th day of October, 2008.

                                      /s/ Janet C. Hall
                                      Janet C. Hall
                                      United States District Judge